IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 20, 2022 Session

## MICHAEL THOMSON v. GENESIS DIAMONDS, LLC

**Appeal from the Circuit Court for Wilson County**
**No. 2019-CV-598   Michael Wayne Collins, Judge**
_____

**No. M2021-00634-COA-R3-CV**
_____

This appeal involves an award of attorney's fees pursuant to Tenn. Code Ann. § 20-12-119(c).  The trial court dismissed two of the plaintiff's three claims for relief pled in his amended complaint pursuant to Tenn. R. Civ. P. 12.02(6), upon its finding that the plaintiff had failed to state a claim for which relief could be granted on the two claims.  The third claim also was included in the defendant's motion to dismiss, as well as arguments for improper venue and lack of subject matter jurisdiction, all of which were denied by the trial court.  More than thirty days after a final judgment was entered, the defendant requested an award of attorney's fees and discretionary costs.  In his supporting affidavit, the defendant's counsel included attorney's fees as relevant to the entire motion to dismiss instead of distinguishing the time spent regarding the claims that were dismissed pursuant to Rule 12.02(6).  The trial court awarded the defendant attorney's fees in the amount of $10,000, which is the maximum amount of attorney's fees a trial court can award under Tenn. Code Ann. § 20-12-119(c).  The trial court denied the defendant's request for discretionary costs as untimely.  We affirm the trial court's denial of discretionary costs, vacate the award of attorney's fees, and remand for the Trial Court to reconsider the attorney's fees award as consistent with this opinion and the Tennessee Supreme Court's opinion in *Donovan v. Hastings*, No. M2019-01396-SC-R11-CV, -- S.W.3d -- , 2022 WL 2301177 (Tenn. June 27, 2022).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part, Vacated in Part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Edmund J. Schmidt, III, Nashville, Tennessee, for the appellant, Michael Thomson.

Daniel A. Horowitz and Lindsay B. Smith, Nashville, Tennessee, for the appellee, Genesis Diamonds, LLC.

## OPINION

## Background

This appeal arises from a dispute regarding jewelry that Michael Thomson ("Plaintiff") was purchasing from Genesis Diamonds, LLC ("Defendant"). In May 2019, Plaintiff filed a civil warrant in the Wilson County General Sessions Court against Defendant, alleging "[b]reach of contract and fraud in the amount of $14,860.58, plus court costs and attorney fees." Upon agreement of the parties, the matter was transferred to the Wilson County Circuit Court ("Trial Court") in September 2019. Following this transfer, the matter from general sessions court was assigned a new docket number with the Trial Court of 2019-CV-512. In October 2019, Plaintiff filed a separate complaint with the Trial Court, alleging breach of contract, that was assigned the docket number, 2019-CV-598.

In July 2020, Defendant filed a motion to dismiss Plaintiff's complaint. At the hearing concerning the motion to dismiss, a discussion occurred as to the two separate complaints pending in the Trial Court, as well as their respective court files and assigned docket numbers. During that hearing, Plaintiff's counsel explained as follows:

> The General Sessions complaint was transferred here. . . . [W]hat I did was I went ahead and filed a complaint here. I've always been fuzzy on the rule if it's transferred up and we go off the civil warrant or if I file a new complaint. I, out of an abundance of caution, went ahead and filed another complaint just to make sure that we have something to go off of.

After determining documents to be missing, the Trial Court discovered that two files existed relevant to this matter. The court clerk informed the Trial Court that "[w]hen a new complaint came in, they filed a whole new case." The Trial Court explained that "the problem is an administrative problem. Somehow in between the courts, things got confused." The Trial Court then instructed the parties as follows:

> [F]irst of all, let me tell you what we've got to do to clean this mess up: One, I need an order combining these two files. It's all about the same case. I've got 2019-CV-512 and 2019-CV-598. I need those combined. . . .
>
> Because what happened, the General Sessions Court transferred it, and at the same time, [Plaintiff's counsel] filed a complaint so we've technically got two complaints. We've got a General Sessions complaint that alleges breach

of contract and fraud and then we've got a Circuit case that just alleges an agreement; doesn't really allege fraud.

So, [Plaintiff's counsel], I'm gonna need you to amend your complaint and decide which ways you're going. [I]f you're going breach of contract, then you're gonna have to attach . . . a written contract. If you're alleging . . . breach of oral agreement, that's different but you've got to clean your pleadings up. And it's really not your fault. Like I said, it's administrative because we've got two different files, two different complaints and we need a new amended one.

The Trial Court subsequently entered an order denying Defendant's motion to dismiss and ordering Plaintiff to file an amended complaint within fifteen days with the contract at issue included as an exhibit. Additionally, the Trial Court entered a separate order, stating that it had "determined *sua sponte* that there were two different docket numbers for this matter" and ordering that the two cases with docket numbers 2019-CV-512 and 2019-CV-598 be consolidated. Shortly thereafter, Plaintiff filed an amended complaint, which identified both docket numbers. The amended complaint included three causes of action: (1) breach of contract, (2) facilitation of fraud, and (3) breach of oral agreement. Defendant later filed an answer to Plaintiff's amended complaint, which also identified both docket numbers.

Defendant also filed a motion to dismiss the amended complaint, alleging that Wilson County was not the proper venue, that Plaintiff had failed to state a claim for which relief could be granted on each of his three claims, and that the Trial Court lacked subject matter jurisdiction over the entire action or, at a minimum, the breach of oral agreement claim. Plaintiff filed a response to the motion requesting that the motion to dismiss be denied, to which Defendant replied.

In January 2021, the Trial Court granted in part and denied in part Defendant's motion to dismiss. As part of its order, it granted dismissal of Plaintiff's claims for facilitation of fraud and breach of oral agreement upon its determination that Plaintiff had failed to state a claim for which relief could be granted. The Trial Court denied the motion as to Defendant's arguments regarding improper venue, subject matter jurisdiction, and the Rule 12.02(6) motion concerning the remaining breach of contract claim. Following entry of this order, Plaintiff's only remaining claim was breach of contract.

Approximately a week prior to entry of the Trial Court's order granting partial dismissal, Defendant filed a motion for summary judgment regarding the remaining claim. While the summary judgment motion was pending, Plaintiff filed a notice of voluntary nonsuit with the Trial Court in February 2021, stating that he was dismissing his complaint against Defendant with prejudice. The Trial Court subsequently entered an order on February 25, 2021, dismissing Plaintiff's action against Defendant with prejudice. In its

order, the Trial Court also stated that "[a]ll costs shall be taxed to the Plaintiff, Michael Thomson."

On April 5, 2021, Defendant filed a motion for attorney's fees and costs. Defendant's motion included both docket numbers in the following format: "2019-CV-598 (2019-CV-512)." According to the motion, Defendant had prevailed on a "now-final Rule 12.02(6) motion" and was entitled to a "mandatory attorney's fee award," pursuant to Tenn.Code Ann. § 20-12-119(c). Defendant requested an award of attorney's fees totaling $10,000. In its motion, Defendant includes an analysis of each factor included in Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(a), concerning whether the award of attorney's fees is reasonable. Defendant further states in its motion that pursuant to the Trial Court's February 2021 order assessing costs, it was including an affidavit, itemizing its "costs and discretionary costs incurred in this action, which total $3,409.57." Defendant further states that it is entitled to an award of discretionary costs, pursuant to Rule 54.04(2), and that "discretionary costs were so taxed" in the order of voluntary dismissal.

Plaintiff filed a memorandum in opposition to Defendant's request for attorney's fees, asking that the Trial Court deny the motion. According to Plaintiff, counsel for Defendant failed to delineate the time he spent on the two causes of action that were dismissed in the complaint and had, therefore failed to meet his burden of proof. Alternatively, Plaintiff argued that if attorney's fees are awarded, any award should be minimal due to the lack of complexity and that any attorney's fees incurred before the amended complaint should be excluded. In his response, Plaintiff relied heavily on *Donovan v. Hastings*, No. M2019-01396-COA-R3-CV, 2020 WL 6390134 (Tenn. Ct. App. Oct. 30, 2020), *appeal granted* (Tenn. Apr. 7, 2021), *rev'd,* No. M2019-01396-SC-R11-CV, -- S.W.3d -- , 2022 WL 2301177 (Tenn. June 27, 2022). Plaintiff further argued that the Trial Court should deny Defendant's request for discretionary costs.

Defendant filed a reply to Plaintiff's memorandum, pointing out that, unlike counsel in *Donovan*, defense counsel in this case was hired pursuant to a "fixed-fee representation" and, based on that reason, arguing that *Donovan* had "no plausible relevance" to the present case. Defendant further argued that even if the present case had been billed hourly, the amount of attorney's fees would have "eclipsed" the $10,000 fee requested under the statute.

Following a hearing in May 2021, the Trial Court granted the Defendant's motion and awarded a $10,000 award for attorney's fees to Defendant but denied an award of discretionary costs. The Trial Court entered an order to that effect on May 10, 2021, including both docket numbers listed as follows: "2019-CV-598 (2019-CV-512)." In its order, the Trial Court stated as follows:

Upon consideration of the Defendant's Motion, the Plaintiff's Opposition, the Defendant's Reply, the arguments of the Parties' counsel, and the entire record, the Court **FINDS** and **ORDERS** as follows:

1. The Defendant's motion for an award of attorney's fees pursuant to Tenn. Code Ann. § 20-12-119(c)(1) shall be **GRANTED**. The Court finds that the Defendant is entitled to an award of attorney's fees under Tenn. Code Ann. § 20-12-119(c)(1) because it prevailed on a motion to dismiss two of the Plaintiff's claims for failure to state a claim upon which relief could be granted. The Court further finds that even after applying the Plaintiff's requested reductions and reducing the Defendant's time spent on pre-Amended Complaint litigation pursuant to *Donovan v. Hastings*, No. M2019-01396-COA-R3-CV, 2020 WL 6390134 (Tenn. Ct. App. Oct. 30, 2020), *appeal granted* (Apr. 7, 2021), the Defendant's reasonable and necessary attorney's fees exceed the maximum $10,000.00 recoverable under Tenn. Code Ann. § 20-12-119(c)(4). It is therefore **ORDERED, ADJUDGED, AND DECREED** that pursuant to Tenn. Code Ann. § 20-12-119(c)(1)-(4), **JUDGMENT SHALL ISSUE** in favor of the Defendant against the Plaintiff, and the Plaintiff, Michael Thomson, is **ORDERED** to pay the Defendant, Genesis Diamonds, reasonable and necessary attorney's fees in the amount of **TEN THOUSAND DOLLARS** ($10,000.00), for which execution may issue against the Plaintiff if necessary.

2. The Court finds that its February 25, 2021 Order taxing "all costs" against the Plaintiff, Michael Thomson, does not include discretionary costs. Accordingly, the Defendant's motion for discretionary costs having been filed on April 5, 2021, the Defendant's motion for an award of discretionary costs shall be **DENIED**.

Plaintiff timely filed a notice of appeal to this Court. In the notice of appeal, Plaintiff states that he is appealing the final judgment of the Trial Court filed on May 10, 2021. The docket number listed on the notice of appeal is 2019-CV-598. On appeal, Defendant filed a motion to dismiss the appeal, arguing *res judicata* because Plaintiff had only appealed from one docket number. However, this Court denied that motion without prejudice, determining that the issue would be "more appropriately addressed in the parties' briefs."

### Discussion

Although not stated exactly as such, Plaintiff identifies the following issues for our review on appeal: (1) whether this appeal is precluded by *res judicata* because Plaintiff included only the docket number, 2019-CV-598, in his notice of appeal; (2) whether the Trial Court erred in awarding $10,000 in attorney's fees to Defendant, pursuant to Tenn. Code Ann. § 20-12-119(c)(1), when counsel for Defendant failed to specify the time he

- 5 -

spent on only the claims that were dismissed pursuant to Tenn. R. Civ. P. 12.02(6); and (3) whether the Trial Court erred by failing to consider the factors in Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(a) in making its award of attorney's fees. In response to Plaintiff's issues on appeal, Defendant raises the following issues, which we have restated: (1) whether Plaintiff's failure to file a transcript of the proceedings or statement of evidence concerning the attorney's fees hearing must result in "a conclusive presumption" that the award of attorney's fees was reasonable; (2) whether Plaintiff's issue regarding the Trial Court's alleged error in failing to consider the Rule 1.5(a) factors is waived due to his failure to identify it as an issue for appeal in his Rule 24 statement; (3) whether Plaintiff has waived an issue concerning whether the time spent litigating the attorney's fees award is compensable; and (4) whether any error by the Trial Court is harmless because Defendant has been forced to litigate its attorney's fee award and such time is compensable. Defendant raises an additional issue for our review on appeal as follows: whether the Trial Court erred by denying Defendant's motion for discretionary costs.

We first address the issue of *res judicata*. Defendant first raised this issue regarding *res judicata* in his motion to dismiss filed with this Court prior to briefing. After this Court determined that issue would be better addressed in the parties' appellate briefs, Plaintiff included in his brief an issue concerning whether *res judicata* applies in this case. This matter originated in general sessions court where Plaintiff filed a civil warrant against Defendant. After the parties' agreement to transfer the matter to the Trial Court, a new docket number was assigned, 2019-CV-512. Subsequently, Plaintiff filed a separate complaint arising from the same incident that was issued a different docket number, 2019-CV-598, by the Trial Court.

After discovering the two separate cases and docket numbers, the Trial Court characterized it as an "administrative problem" that arose between the general sessions and circuit courts. The Trial Court remedied this issue by consolidating the two cases and allowing Plaintiff to file a single amended complaint that included all of Plaintiff's claims, instructing Plaintiff "to clean [the] pleadings up." Plaintiff subsequently filed his amended complaint and included both docket numbers on the amended complaint. From that point, the Trial Court proceeded on the amended complaint. At this point, although two dockets numbers existed, only one complaint existed with all of Plaintiff's causes of action.

The order of voluntary dismissal and the subsequent order regarding attorney's fees each included both docket numbers. Because Plaintiff filed a notice of appeal with only one of the docket numbers included, Defendant argues that the order related to the case not appealed has become final and is now *res judicata* to the case that has been properly appealed to this Court. We disagree that *res judicata* applies to this appeal.

Defendant argues on appeal the circumstances in this appeal are similar to those of this Court's opinion in *Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co.*, 525 S.W.3d 252 (Tenn. Ct. App. 2016), where this Court found that *res judicata* applied

because only one of two consolidated cases had been appealed.[1]  However, we find this case distinguishable from *Rainbow Ridge Resort, LLC*, which involved two separate cases that had been consolidated and separate judgments that had been entered for each case.  To the contrary, the present case involved an administrative error within the lower courts that resulted in two case files being made and two docket numbers being assigned.  In this case, after the amended complaint was filed, the Trial Court proceeded only with the single amended complaint, which replaced the two previous pleadings by Plaintiff.  The Trial Court entered only one court order awarding attorney's fees; there were not two awards of attorney's fees to Defendant.  We hold that *res judicata* does not preclude Plaintiff from proceeding with this appeal.  Therefore, we find Defendant's argument that this Court does not have jurisdiction to consider this appeal to be without merit.

We next address Plaintiff's argument that the Trial Court erred by awarding to Defendant $10,000 in attorney's fees.  In response to this argument, Defendant raises an issue concerning whether Plaintiff's failure to file a statement of the evidence or a transcript of the hearing regarding attorney's fees results in a "conclusive presumption" that the award of attorney's fees was reasonable.  However, Plaintiff stated during oral argument that neither party presented evidence at that hearing and that the only evidence regarding attorney's fees was the affidavit filed by Defendant's counsel.  Defendant stated during oral argument that he was "not saying there was witness testimony" at the hearing regarding attorney's fees but stated that "the way attorney's fees proceedings work" allowed the attorney requesting fees to speak during the hearing regarding the fees incurred and the basis for the fees.  Based on the statements of counsel, it does not appear that actual evidence under oath was presented during the hearing regarding the award of attorney's fees.  Although a transcript would have been beneficial in this case, it is not essential for appellate review where no evidentiary hearing occurred.  Therefore, we hold that Defendant's argument urging this Court to apply a "conclusive presumption" of reasonableness to the attorney's fees award to be unavailing.

We further disagree with Defendant's argument that Plaintiff waived his argument on appeal that the Trial Court erred by failing to consider the Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(a) factors when determining whether the attorney's fees were reasonable.  According to Defendant, Plaintiff waived this argument because he did not include the issue in his Tenn. R. App. P. 24 statement of issues at the initial stage of this appeal.  In its brief, Defendant seems to confuse Rules 24 and 27 of the Tennessee Rules of Appellate Procedure.  Rule 27(a)(4) requires an appellant to include in his or her brief a "statement of the issues presented for review," while Rule 24 involves the content and

---

[1] We note that Defendant also cites to this Court's memorandum opinion in an unrelated case, *Northgate Ltd. Liab. Co. v. Amacher*, No. M2018-01407-COA-R3-CV, 2019 WL 3027906 (Tenn. Ct. App. July 11, 2019).  Pursuant to Tenn. Ct. App. R. 10, memorandum opinions "shall not be cited or relied on for any reason in any unrelated case."

preparation of the record from the trial court proceedings for purposes of appellate review. Regarding the content of the record, Tenn. R. App. P. 24(a) states that

> [i]f less than the full record on appeal as defined in this subdivision is deemed sufficient to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal or if a party wishes to include any papers specifically excluded in this subdivision, the party shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the record the appellant intends to include on appeal, ***accompanied by a short and plain declaration of the issues the appellant intends to present on appeal***.

(Emphasis added.)  Additionally, Rule 24(h) requires a party preparing a transcript or statement of evidence to file notice to the other party, "accompanied by a short and plain declaration of the issues the party may present on appeal."

The authority provided by Defendant in support of this waiver argument is caselaw concerning either a party's noncompliance with Rule 27 for failing to designate an issue in the statement of the issues section of an appellate brief or an appellant's failure to develop a proper record sufficient to allow this Court to review the issues on appeal as required by Rule 24.  It is well settled that an appellant's failure to designate an issue in its appellant brief as required by Tenn. R. App. P. 27 may result in waiver of that issue.  *See In re Tamera W.*, 515 S.W.3d 860, 873 (Tenn. Ct. App. 2016) ("This Court has repeatedly held that the failure to designate an argument as an issue in the party's appellate brief results in a waiver of the argument on appeal.").  However, the statement of the issues presented for review on appeal required by Rule 27 is separate and distinct from the declaration of the issues to be filed with the trial court in preparation of the record for purposes of appeal.  Furthermore, as Plaintiff pointed out in the docketing statement form he filed with this Court, the form instructs the appellant to include a "[c]oncise statement of the issues proposed to be raised" but provides that the appellant is "not bound by this statement [of issues]."  We find Defendant's argument that Plaintiff waived this issue to be without merit.

Finding no waiver exists, we will address Plaintiff's issue regarding the award of attorney's fees to Defendant.  Attorney's fees were awarded in this case pursuant to Tenn. Code Ann. § 20-12-119(c), which states as follows in pertinent part:

> (c)(1) Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted ***the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims*** by

that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

(2) Costs shall include all reasonable and necessary litigation costs *actually incurred due to the proceedings that resulted from the filing of the dismissed claims*, including, but not limited to: . . . (B) Attorneys' fees . . . .

(Emphasis added.)

An award of attorney's fees under Tenn. Code Ann. § 20-12-119(c) is mandatory upon a trial court's granting of a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. *Irvin v. Green Wise Homes, LLC*, No. M2019-02232-COA-R3-CV, 2021 WL 709782, at \*5 (Tenn. Ct. App. Feb. 24, 2021), *perm. app. denied* (Tenn. June 9, 2021). In such a case, the trial court does not have the discretion to deny an award of attorney's fees if a Rule 12.02(6) motion is granted, except in specific situations enumerated in section 20-12-119(c)(5).[2] *Id.* However, that award of attorney's fees to the prevailing party must be "reasonable and necessary" fees that were "incurred in the proceedings as a consequence of the dismissed claims." *See* Tenn. Code Ann. § 20-12-119(c) (2021).

Our Supreme Court has stated as follows regarding the amount of an award of attorney's fees:

The trial court's determination of a reasonable attorney's fee is "a subjective judgment based on evidence and the experience of the trier of facts," *United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.,* 703 S.W.2d 133, 137 (Tenn. 1986), and Tennessee has "no fixed mathematical rule" for determining what a reasonable fee is. *Killingsworth v. Ted Russell Ford, Inc.,* 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002). Accordingly, a determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. *Kline v. Eyrich,* 69 S.W.3d 197, 203 (Tenn. 2002); *Shamblin v. Sylvester,* 304 S.W.3d 320, 331 (Tenn. Ct. App. 2009). We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. *Henderson v. SAIA, Inc.,* 318 S.W.3d 328, 335 (Tenn. 2010); *Keisling v. Keisling,* 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005). The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, *Williams v. Baptist Mem'l Hosp.,* 193 S.W.3d 545, 551 (Tenn. 2006); *Myint v. Allstate Ins. Co.,* 970

---

[2] We note that Tenn. Code Ann. § 20-12-119(c)(5) limits an award of attorney's fees under this section in certain circumstances, none of which have been argued in the current action.

S.W.2d 920, 927 (Tenn. 1998), and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010).

*Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

On appeal, Plaintiff argues that the Trial Court's award of attorney's fees is reversible error because the Trial Court had not applied the factors in Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(a) in making its decision. Plaintiff further takes issue with the amount of attorney's fees awarded to Defendant and argues that counsel for Defendant had not distinguished the time he spent on the individual claims that were dismissed pursuant to Tenn. R. Civ. P. 12.02(6), as opposed to the time spent on the other issues.

Following the amended complaint, three claims were pled by Plaintiff, including (1) breach of contract, (2) facilitation of fraud, and (3) breach of oral agreement. The Trial Court granted the dismissal of two claims for facilitation of fraud and breach of an oral agreement, pursuant to Tenn. R. Civ. P. 12.02(6), for failure to state a claim upon which relief can be granted. However, Defendant's motion seeking to dismiss the claim for breach of contract pursuant to Tenn. R. Civ. P. 12.02(6) was denied, as well as the motions to dismiss for improper venue and lack of subject matter jurisdiction.

The Trial Court found that Defendant was entitled to an award of attorney's fees because it had succeeded in its motion to dismiss two of the three claims for failure to state a claim, pursuant to Tenn. R. Civ. P. 12.02(6). In support of the motion for attorney's fees, Defendant's attorney filed an affidavit with an attachment reflecting time entries and task descriptions regarding the requested attorney's fees. In defense counsel's affidavit, he states that the entries in the attachment are "accurate approximations and descriptions of the time and tasks" regarding his representation of Defendant and that he charged $300 per hour in 2020. The time entries in the attachment to the affidavit refer often to the motion to dismiss as a whole but do not mention the specific claims that were dismissed by the Trial Court pursuant to Rule 12.02(6).

Our Supreme Court recently considered an appeal regarding an award of attorney's fees pursuant to Tenn. Code Ann. § 20-12-119(c). *See Donovan v. Hastings*, No. M2019-01396-SC-R11-CV, -- S.W.3d -- , 2022 WL 2301177 (Tenn. June 27, 2022). The Supreme Court in *Donovan* held that attorney's fees pursuant to Tenn. Code Ann. § 20-12-119 are not limited to only those incurred after the filing of an amended complaint when the dismissed claim was pled in the original complaint. *Id.* at *5. In making its decision in

*Donovan*, the Supreme Court emphasized that the statutory language in Tenn. Code Ann. § 20-12-119(c)(1) and (c)(2) "relates causally to the *claim* that was dismissed" (emphasis in original). The Court in *Donovan* cited to this Court's opinion in *First Cmty. Mortgage, Inc. v. Appraisal Servs. Grp., Inc.*, 644 S.W.3d 354 (Tenn. Ct. App. 2021), *perm. app. denied* (Tenn. Mar. 24, 2022), and stated that Tenn. Code Ann. § 20-12-119(c), is "limited in scope" as a fee shifting mechanism. *Donovan*, 2022 WL 2301177, at *5. The Court recognized that the sponsor of the bill had indicated that the statute at issue was intended only to involve the costs that were associated with a defendant's obligation to answer the complaint and file the motion to dismiss pursuant to Rule 12.02(6). *Id.* (quoting *First Cmty. Mortgage, Inc.*, 644 S.W.3d at 367). In *Donovan*, the Court identified the purpose of Tenn. Code Ann. § 20-12-119(c) as "shifting attorney fees and costs incurred as a consequence of a meritless claim to the party who filed it." *Donovan*, 2022 WL 2301177, at *5. Throughout its opinion, the Supreme Court clearly emphasized the intended objective of awarding attorney's fees stemming from the *meritless claim or claims* that were dismissed pursuant to Rule 12.02(6).

Upon review of defense counsel's affidavit concerning attorney's fees, there is no statement specifically identifying whether the actions performed by counsel involved only the dismissed claims or all three claims; the tasks in the attachment refer only to the motion to dismiss as a whole. Only two of the five requests for dismissal in Defendant's motion were granted by the Trial Court for failure to state a claim for which relief can be granted and would qualify for an award of attorney's fees under Tenn. Code Ann. § 20-12-119(c) as attorney's fees "actually incurred due to the proceedings that resulted from the filing of the dismissed claims." As our Supreme Court pointed out, an award of attorney's fees pursuant to Tenn. Code Ann. § 20-12-119(c) relates to the actual claim that was dismissed for failure to state a claim upon which relief could be granted.

On appeal, Defendant argues that defense counsel had charged Defendant over $33,000 to represent it in this matter, which included a fixed fee and any costs and expenses incurred. Defendant also argues that the time counsel has since spent litigating the attorney's fee award, including this appeal, are compensable.[3] According to Defendant, any error regarding the award of attorney's fees is harmless.[4] We disagree that we can

---

[3] Although Defendant argues that Plaintiff has waived any argument concerning whether defense counsel's time spent litigating the attorney's fee award is compensable, Plaintiff has maintained in his brief that only the attorney's fees relevant to the dismissed claims are compensable under Tenn. Code Ann. § 20-12-119(c).

[4] As part of his argument that the attorney's fee award was harmless error, Defendant argues on appeal that the attorney's fees incurred regarding Plaintiff's claims prior to the amended complaint would be compensable. Defendant argued that the dismissed breach of oral agreement claim was included in the October 2019 complaint filed with the Trial Court, prior to the filing of the amended complaint. However, we note that Defendant argued exactly the opposite before the Trial Court in his motion to dismiss the amended complaint, stating that the third claim in the amended complaint for breach of an oral agreement had "been raised for the first and only time in the Plaintiff's Amended Complaint."

assume that such error is harmless. While it may well be so, we cannot assume that the attorney's fees related to the two dismissed claims would be more than the $10,000 statutory limit without evidence to support such an award. As a general rule, courts do not deal in "assumptions." We further note that this Court has held that due to the limited scope of Tenn. Code Ann. § 20-12-119(c), attorney's fees incurred on appeal are not compensable under that statute. *See First Cmty. Mortgage, Inc.*, 644 S.W.3d at 367.

We hold that the limited scope of Tenn. Code Ann. § 20-12-119(c) allows an award of attorney's fees only for the tasks performed regarding the claims that were actually dismissed by the Trial Court for failure to state a claim upon which relief can be granted. Therefore, we vacate the Trial Court's award of attorney's fees and remand to the Trial Court for recalculation of the attorney's fee award in this case in compliance with our Supreme Court's opinion in *Donovan* and this opinion. During remand, the Trial Court should consider the factors in Tenn. Sup. Ct. R. 8, Rule of Professional Conduct 1.5(a) when determining whether the award of attorney's fees is reasonable and necessary. *See Donovan*, 2022 WL 2301177, at *6 n.13 ("Rule of Professional Conduct 1.5 sets forth the 'correct legal standard' when assessing the reasonableness of a cost and fee request."). Further, in compliance with *Donovan*, the Trial Court on remand should consider Defendant's request for attorney's fees incurred prior to the amended complaint only to the extent that the claim or claims were pled by Plaintiff prior to the amended complaint and defense counsel's fees prior to the amended complaint involved those specific claims that were dismissed pursuant to Tenn. R. Civ. P. 12.02(6).

We next address Defendant's issue concerning discretionary costs. In its February 25, 2021 order on the voluntary dismissal of the remaining claims, the Trial Court ordered that all costs would be taxed to Plaintiff. Defendant argues that this award of "all costs" included discretionary costs, in addition to court costs. Tenn. R. Civ. P. 54.04(2) provides that discretionary costs are allowed only in the trial court's discretion. Although Rule 54.04(2) allows a court to tax discretionary costs at the time of a voluntary dismissal, the court order did not specify that discretionary costs were being awarded and no motion requesting discretionary costs was pending before the Trial Court when the voluntary dismissal order was entered. Additionally, despite Defendant's argument to the contrary, the Trial Court found that "all costs" in its February 2021 order did not include discretionary costs.

A request for discretionary costs must be filed and served within thirty days from entry of the judgment. *See* Tenn. R. Civ. P. 54.04(2). Defendant's first request for discretionary costs was in its motion requesting an award of attorney's fees and costs, filed on April 5, 2021, more than thirty days after entry of the dismissal order. Therefore, Defendant's motion for discretionary costs was untimely. We affirm the Trial Court's denial of Defendant's motion for discretionary costs.

## Conclusion

The judgment of the Trial Court is affirmed in part and vacated in part. This cause is remanded to the Trial Court for further proceedings consistent with this opinion. The costs on appeal are assessed against the appellee, Genesis Diamonds, LLC.

_____
D. MICHAEL SWINEY, CHIEF JUDGE